OPINION
{¶ 1} Defendant-appellant Christopher K. Cannon appeals his sentence entered by the Ashland County Court of Common Pleas on one count of burglary, a third degree felony, and one count of felonious assault, a second degree felony. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On January 27, 2003, appellant pled guilty to one count of burglary and one count of felonious assault. The trial court deferred sentencing and ordered a pre-sentencing report. On March 10, 2003, the court held a sentencing hearing wherein trial court sentenced appellant to a term of three years incarceration for the burglary and a term of seven years for the felonious assault, to be served consecutively, for a total of ten years.
 {¶ 3} It is from the trial court's sentence appellant appeals, raising the following assignment of error:
 ASSIGNMENT OF ERROR {¶ 4} "I. THE IMPOSITION OF CONSECUTIVE SENTENCES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO THE LAW."
 I. {¶ 5} In his sole assignment of error, appellant argues the trial court erred in imposing consecutive sentences upon him. We agree.
 {¶ 6} At the sentencing hearing, the trial court stated:
 {¶ 7} "* * * Further, under Section 2929.14(E), the court does find that consecutive prison terms are necessary to protect the public, that they are not disproportionate to the harm caused, and that the harm caused here was so great that a single prison term does not adequately protect the public or reflect the seriousness of the offender's conduct." Tr. at 9-10.
 {¶ 8} In order to impose consecutive sentences when an offender is convicted of multiple offenses, a trial court must first find consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). The court must also find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find one or more of the following:
 {¶ 9} "a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense;
 {¶ 10} "b) the harm caused by the multiple offenses was so great or unusual no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or
 {¶ 11} "c) the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender." Id.
 {¶ 12} If a trial court imposes consecutive sentences, the trial court must give its reasons for imposing the given sentence. R.C.2929.19(B)(2)(c). Appellee concedes in its brief, the specific wording of R.C. 2929.14 was not used by the trial court when imposing consecutive sentences.
 {¶ 13} The trial court, at the sentencing hearing, is required to orally make its findings and state its reasons on the record as required. State v. Comer, 99 Ohio St.3d 467, 2003-Ohio-4165.
 {¶ 14} We find the trial court did not properly state the reasons for imposing consecutive sentences. The trial court did not set forth findings sufficient under R.C. 2929.14 to justify the imposition of consecutive sentences.
 {¶ 15} Appellant's sole assignment of error is sustained.
 {¶ 16} The March 12, 2003, Judgment Entry of the Ashland County Court of Common Pleas is reversed and remanded for resentencing in accordance with this opinion and law.
By: Boggins, J., Wise, P.J., and Edwards, J. concur.